IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY J. ANDERSON, | No. C 11-06292 CW (PR) |
| Petitioner, | Contra Costa County Superior Court Criminal Case No. 5-116088-9 |
| v. | ORDER DIRECTING CLERK OF THE COURT TO DESIGNATE ACTION AS PETITION FOR REMOVAL UNDER 28 U.S.C. § 1443 AND FILE CERTAIN DOCUMENTS FROM CASE NO. C 10-05558 HEREIN; DENYING PETITION FOR REMOVAL AND REMANDING ACTION TO STATE COURT; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING ALL OTHER MOTIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

BACKGROUND

On December 17, 2010, Petitioner, a state pretrial detainee currently incarcerated at the Martinez Detention Facility (MDF), filed a civil rights action in this Court. See Anderson v. Pittsburg Police Dep't, et al., No. C 10-05558 CW (PR). He raised claims seeking injunctive relief and damages and, subsequently, also filed a request for removal of his state criminal prosecution to federal court. See id. Docket no. 19.

On October 7, 2011, the Court dismissed Petitioner's claims for injunctive relief and damages pertaining to his ongoing criminal proceedings; dismissed, with leave to amend, Petitioner's claims concerning the conditions of his confinement at MDF; and dismissed, without prejudice, Petitioner's request to remove his state criminal proceedings to federal court. In particular, with respect to Petitioner's request for removal, the Court held as follows:

> Plaintiff has filed a document titled "Notice for Stay of State Court Proceedings In Support of Notice of Removal." Docket no. 19. Therein, Plaintiff asks that his state criminal proceedings be removed to federal court. Such a request is not properly brought in a civil rights action. Rather, a state criminal defendant seeking to remove a criminal prosecution to federal court must comply with the procedural requirements of 28 U.S.C. § 1446, which include the filing of a verified petition for removal with the federal district court in which the criminal prosecution is located, attached to which are copies of all pleadings in the criminal case. See id. at § 1446(a). Further, the removal petitioner must meet the legal requirements for removal. See Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975).
>
> Accordingly, Plaintiff's request for removal is DENIED without prejudice. If Plaintiff has a good-faith belief that he can meet both the procedural and legal requirements for removing his state prosecution to federal court, he may file a separate action for removal under 28 U.S.C. § 1446.

Oct. 7, 2011 Order at 4:21-5:10.

Thereafter, on November 7, 2011, Petitioner sent the Court an "Amended Notice of Removal," which was not opened as a new action but, instead, was filed in Case No. C 10-05558. See Docket no. 29.

On December 14, 2011, Petitioner filed a request for assistance from this Court in obtaining access to certain property and documents that would enable him to prepare and file in federal court a petition for removal. At that point, the present case was opened as a civil rights action comprised of those documents. Most recently, Petitioner has filed in this case a request for a preliminary injunction to stay his state criminal proceedings, and a request for an extension of time to file additional documents in support of his petition for removal.

## DISCUSSION

A.   Petition for Removal and Documents in C 10-05558

As noted, the Court previously determined that Petitioner's

request for removal cannot proceed in Case No. C 10-05558. Consequently, based on a review of the documents filed in that action and this one, and in the interest of the efficient management of the Court's docket, the Court hereby DIRECTS the Clerk of the Court (1) to designate the instant action as a Petition for Removal, under 28 U.S.C. § 1443; and (2) to terminate on the docket in Case No. C 10-05558 the following documents related to Petitioner's request for removal and file them in this action: notice for stay of state court proceedings (Docket no. 19); motions for appointment of counsel to assist with removal proceedings (Docket nos. 22 & 29); amended notice of removal (Docket no. 30).

No additional documents pertaining to Petitioner's request for removal shall be filed in Case No. C 10-05558, which has been designated by the Court as a civil rights action.

B.   Petitioner's Claims

According to Petitioner's pleadings, he has been arraigned, but not yet brought to trial, on state criminal charges of sexual offenses against minors.  Petitioner is representing himself in his state court proceedings, which are pending in the Superior Court of Contra Costa County.

Petitioner seeks to stay the state criminal proceedings against him and to remove his prosecution to this Court pursuant to 28 U.S.C. § 1443.  A criminal defendant may remove a pending state court prosecution to federal court if he can demonstrate that he will be unable to enforce in state court "a right under any law providing for the equal civil rights of citizens of the United States or within the jurisdiction thereof."  28 U.S.C. § 1443(1).

To remove a case under § 1443(1), the criminal defendant must meet a two-pronged test. First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 220 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also Davis v. Superior Court of California, 464 F.2d 1272 (9th Cir. 1972) (explaining that removal jurisdiction under § 1443(1) is specific and extremely narrow; claims must relate to statutes explicitly protecting equal racial civil rights). Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of the State.'" Johnson, 421 U.S. at 220 (citation omitted). This generally requires a showing that a state law or constitutional provision denies the defendant an opportunity to raise a federal right. Id.

Here, Petitioner contends removal is proper because the prosecutor is biased against him, as evidenced by Petitioner's being prosecuted both criminally and civilly by the prosecutor's office, the prosecutor's failure to provide Petitioner with exculpatory evidence, and the prosecutor's failure to negotiate or stipulate to certain matters raised in court proceedings. See Amended Notice of Removal at 2-6. Additionally, Petitioner maintains the Superior Court cannot rule fairly on his case because Contra Costa County and the courts have been "intensely" involved in his case due to "governmental influence" by county jail officials and the prosecutor's office. See id. at 8:21-28.

Petitioner's allegations do not warrant the removal of his criminal case to federal court, as he has not identified a state

4

law or constitutional provision that denies him the opportunity to raise a federal right to racial equality, and he has not alleged facts which would lead this Court to conclude that he will be unable to enforce such a federal right in state court. See Johnson, 421 U.S. at 219-20. The enforcement of constitutional rules of general applicability and the accommodation of generalized fears of unfairness in the criminal justice system are not sufficient bases for removal under 28 U.S.C. § 1443. Id. at 220; see City of Greenwood v. Peacock, 384 U.S. 808, 827-28, 832-34 (1966) (discussing disruptive effect on administration of criminal justice if merely alleging racist and/or unfair prosecution justified removal to federal court).

Because Petitioner's request for removal does not meet the substantive requirements for alleging removal jurisdiction, the petition for removal is DENIED for lack of removal jurisdiction.

In view of Petitioner's pauper status, his motion to proceed in forma pauperis is GRANTED. All of Petitioner's other pending motions are DENIED as moot.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall designate the instant action as a Petition for Removal, under 28 U.S.C. § 1443.

The Clerk shall remove the following documents from Case No. C10-05558 and file them in this action: notice for stay of state court proceedings (Docket no. 19); motions for appointment of counsel to assist with removal proceedings (Docket nos. 22 & 29); amended notice of removal (Docket no. 30).

2. The petition for removal is DENIED for lack of

jurisdiction, and the state criminal action is REMANDED to state court.

    3.   Petitioner's application to proceed <u>in forma pauperis</u> is GRANTED.  (Docket no. 9.)

    4.   All other pending motions are DENIED as moot.

    5.   The Clerk shall mail a certified copy of this Order to the Clerk of the Superior Court of Contra Costa County, and shall close the file.

    IT IS SO ORDERED.

DATED: 1/19/2012

                              CLAUDIA WILKEN
                              United States District Judge